IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:24-cr-00153-AB-1 |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| RYAN MICHAEL SCHNEIDER, | |
| Defendant. | |

**BAGGIO, District Judge:**

The Government alleges that on February 12, 2024, Defendant Ryan Michael Schneider pawned a stolen 9mm Sig Sauer pistol at USA Pawn and Jewelry in Portland, Oregon. Motion to Dismiss ("Mot. Dismiss", ECF 34), Ex. A at 1. Defendant has previously been convicted of two felony offenses: (1) Robbery in the Second Degree, in violation of Oregon Revised Statute ("ORS") § 164.405 in 2012; and (2) Delivery of Methamphetamine within 100 Feet of School, in violation of ORS § 475.892 in 2023. Indictment (ECF 1). On April 9, 2024, the Government indicted Defendant with Count One, Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). *Id*.

On March 25, 2025, Defendant moved to dismiss the indictment challenging the constitutionality of Section 922(g)(1) pursuant to the Second Amendment to the United States

1 – OPINION AND ORDER

Constitution and *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). Mot. Dismiss, 1. For the reasons discussed below, Defendant's Motion to Dismiss is DENIED.[1]

## I.   LEGAL BACKGROUND

In *District of Columbia v. Heller*, the United States Supreme Court held that the Second Amendment guarantees an individual the "right to possess and carry weapons in case of confrontation." 554 U.S. 570, 592 (2008). However, the Court advised that this right is not unlimited and that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons," which are "presumptively lawful." *Id.* at 626, 627 n.26; *see also McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010) (reiterating that *Heller* "did not cast doubt on such longstanding regulatory measures [such] as 'prohibitions on the possession of firearms by felons[.]' "); *see also United States v. Rahimi*, 602 U.S. 680, 699 (2024) (affirming that "many . . . prohibitions, like those on the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.' "). Subsequently, in *United States v. Vongxay*, the Ninth Circuit relying on *Heller*, held that Section 922(g)(1) does not violate the Second Amendment. 594 F.3d 1111, 1118 (9th Cir. 2010).

Following *Heller*, the Ninth Circuit, adopted a two-step, means-end test to assess the constitutionality of firearms regulations. *See Young v. Hawaii*, 992 F.3d 765, 783-84 (9th Cir. 2021) (en banc). However, the Supreme Court, in *Bruen*, rejected this two-step analysis and articulated the proper framework for analyzing Second Amendment challenges.

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command.

---

[1] The Court does not believe that oral argument would help resolve the pending motion. *See* LR 7-1(d)(1). Accordingly, oral argument set for June 10, 2025 is hereby STRICKEN.

597 U.S. at 24 (quotation marks omitted). Although *Bruen* announced a new test for assessing the constitutionality of regulations in the context of the Second Amendment, the majority stated that its holding is "in keeping with *Heller*." *Id.* at 17.

## II.     DISCUSSION

Defendant argues that *Bruen* is irreconcilable with *Vongxay*, and therefore *Bruen* overruled the Ninth Circuit's ruling that Section 922(g)(1) is consistent with the Second Amendment. Mot. Dismiss, 8-9. The Government disagrees. The Government argues that the Court should adhere to the Ninth Circuit's decision in *Vongxay*. *See* Government's Response ("Resp.", ECF 36).

In *United States v. Duarte*, the Ninth Circuit concluded that *Vongxay* failed to apply the test set forth in *Bruen*. 101 F.4th 657, 666 (9th Cir. 2024). There, the court found that Section 922(g)(1) was unconstitutional as applied to the non-violent felon defendant. *Id.* at 691. However, the Ninth Circuit granted rehearing en banc and vacated the three-judge panel decision. *United States v. Duarte*, 108 F.4th 786 (9th Cir. 2024).

On May 9, 2025, the Ninth Circuit issued its opinion after an en banc rehearing, holding that Section 922(g)(1) is not unconstitutional as applied to non-violent felons.[2] *United States v. Duarte*, No. 22-50048, --- F.4th ----, 2025 WL 1352411, at *14 (9th Cir. May 9, 2025), *on rehearing en banc*. Thus, *Bruen* is not clearly irreconcilable with the reasoning in *Heller* or *Vongxay*.[3] The Court finds that the Supreme Court's previous emphasis on the validity of

---

[2] The Ninth Circuit issued its opinion in *Duarte* prior to Defendant's motion to dismiss being fully briefed. Defendant addresses the Ninth Circuit's decision in *Duarte* and "contends that this decision is in direct conflict with the U.S. Supreme Court's holdings in [*Bruen*]." Defendant's Reply ("Reply", ECF 39). Defendant further "seeks to preserve this issue in the event the U.S. Supreme Court issues a future opinion overruling *Duarte*." *Id.*

[3] Since *Bruen*, numerous courts in the Ninth Circuit have rejected challenges by criminal defendants to the constitutionality of Section 922(g)(1). *See, e.g.*, *United States v. Brown*, 720 F. Supp. 3d 1020 (D. Or. 2024); *United States v. Hunt*, 697 F. Supp. 3d 1074 (D. Or. 2023); *United States v. Carmona*, Case No.: 3:24-cr-00174-JES, 2025 WL 845183 (S.D. Cal. Mar. 18, 2025);

prohibitions on the possession of firearms by felons continues after *Bruen*. Such restrictions are well-rooted in our Nation's historical tradition of limiting Second Amendment protections to law-abiding citizens. As held in *Duarte*, because Section 922(g)(1) criminalizes the possession of firearms by felons, the statute would be upheld by the Supreme Court using the method pronounced in *Bruen*. *Duarte*, 2025 WL 1352411, at *13-14.

Defendant was convicted of two felonies—Robbery in the Second Degree and Delivery of Methamphetamine within 100 Feet of School. This Court is bound by the Ninth Circuit's holding in *Duarte*. Thus, the prohibition on the possession of firearms by felons in Section 922(g)(1) does not violate Defendant's Second Amendment protections.

### III. CONCLUSION

For the reasons discussed, Defendant's Motion to Dismiss the Indictment (ECF 34) is DENIED.

IT IS SO ORDERED.

DATED this  28th  day of May 2025.

*Amy M. Baggio*
_____
AMY M. BAGGIO
United States District Judge

---

*United States v. Butts*, No. CR 22-33-M-DWM, 2022 WL 16553037 (D. Mont. Oct. 31, 2022); *United States v. Carleson*, No. 3:22-CR-00032-SLG, 2022 WL 17490753 (D. Alaska Oct. 28, 2022); *United States v. Siddoway*, No. 1:21-CR-00205-BLW, 2022 WL 4482739 (D. Idaho Sept. 27, 2022); *see also Hunt*, 697 F. Supp. 3d at 1077 (collecting cases).